IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 4:16-CR-112-O(5) |
| | ) | |
| v. | ) | Rearraignment |
| | ) | |
| MICHAEL WESLEY JOHNSON | ) | May 20, 2016 |

BEFORE THE HONORABLE JEFFREY L. CURETON
*United States Magistrate Judge*
*In Fort Worth, Texas*

**FOR THE GOVERNMENT:**       **MR. SHAWN SMITH**
US Attorney's Office
801 Cherry St
Burnett Plaza Ste 1700 Unit #4
Fort Worth, TX 76102-6882
817/252-5200
Fax: 817-252-5455

**FOR THE DEFENDANT:**       **MS. EMILY LOUISE LaCHANCE**
Schneider Law Firm
400 E. Weatherford Street
Suite 106
Fort Worth, TX 76102
817/850-9955
Fax: 817/769-3797
emily@clientdrivenlaw.com

**COURT REPORTER:**       **MR. DENVER B. RODEN, RMR**
*United States Court Reporter*
1050 Lake Carolyn Pkwy #2338
Irving, Texas  75039
*drodenrmr@sbcglobal.net*
Phone:  (214) 753-2298

     The above styled and numbered cause was reported by
computerized stenography and produced by computer.

1      (May 20, 2016.)

2          THE COURT:  The Court the now calls for

3  rearraignments or arraignment -- guilty plea and arraignment,

4  cause number 4:16-CR-106, United States versus Shane Dreyer.

5          MR. GATTO:  Frank Gatto for the Government, Your

6  Honor.

7          THE COURT:  Mr. Gatto for the Government.

8  Mr. Mark Danielson is present for the Defense.

9          Cause number 4:16-CR-112, United States versus

10  Joshua Blackketter.  Mr. Shawn Smith is present for the

11  Government and Mr. DeWayne Huston for the Defense.

12          The same cause number.  United States versus Michael

13  Wesley Johnson.  Mr. Smith for the Government.

14  Ms. Emily La Chance for the Defense.

15          And in the same cause number United States versus

16  Leslie Payne, Mr. Smith for the Government and Mr. Shane Lewis

17  for the Defense.

18          Let me ask each of the defendants to raise your right

19  hand and be sworn by my clerk.

20      (Four defendants sworn by the clerk at this time.)

21          THE COURT:  Thank you.  I will let the record reflect

22  that each has answered in the affirmative.  Would you state

23  your full name for the record beginning with Mr. Dreyer.

24          THE DEFENDANT:  Shane Dreyer.

25          THE COURT:  Mr. Blackketter?

1          THE DEFENDANT:  Joshua Blackketter.

2          THE COURT:  Mr. Johnson?

3          THE DEFENDANT:  Michael Wesley Jonathan.

4          THE COURT:  And Ms. Payne.

5          THE DEFENDANT:  Leslie Lauren Payne.

6          THE COURT:  Is your name spelled correctly in the

7    Information that has been filed against you in your case?

8    Mr. Dreyer?

9          THE DEFENDANT DREYER:  Yes, sir.

10         THE COURT:  Mr. Blackketter?

11         THE DEFENDANT BLACKKETTER:  Yes, sir.

12         THE COURT:  Mr. Johnson?

13         THE DEFENDANT JOHNSON:  Yes, sir.

14         THE COURT:  Ms. Payne?

15         THE DEFENDANT PAYNE:  Yes, sir.

16         THE COURT:  Do you understand that you are now under

17   oath and that if you answer any of the Court's questions

18   falsely your answers may later be used against you in a

19   prosecution for perjury or for making a false statement?

20         Do you understand Mr. Dreyer?

21         THE DEFENDANT DREYER:  Yes, sir.

22         THE COURT:  Mr. Blackketter?

23         THE DEFENDANT BLACKKETTER:  Yes, Your Honor

24         THE COURT:  Mr. Johnson?

25         THE DEFENDANT JOHNSON:  Yes, sir.

```
1            THE COURT:  And Ms. Payne?
2            THE DEFENDANT PAYNE:  Yes, sir.
3            THE COURT:  Do each of you read, write, and
4    understand the English language?  Mr. Dreyer?
5            THE DEFENDANT DRYER:  Yes, sir.
6            THE COURT:  Mr. Blackketter?
7            THE DEFENDANT BLACKKETTER:  Yes, Your Honor.
8            THE COURT:  Mr. Johnson?
9            THE DEFENDANT JOHNSON:  Yes, sir.
10           THE COURT:  Ms. Payne?
11           THE DEFENDANT PAYNE:  Yes, sir.
12           THE COURT:  Do you understand that I am conducting
13   this hearing rather than the district judge based upon your
14   consent, however it's the district judge who retains all final
15   decision-making authority over your plea and it's the district
16   judge who will conduct any sentencing in your case.
17           Do you understand Mr. Dreyer?
18           THE DEFENDANT DREYER:  Yes, sir.
19           THE COURT:  Mr. Blackketter?
20           THE DEFENDANT BLACKKETTER:  Yes, Your Honor.
21           THE COURT:  Mr. Johnson?
22           THE DEFENDANT JOHNSON:  Yes, Your Honor.
23           THE COURT:  Ms. Payne?
24           THE DEFENDANT PAYNE:  Yes, sir.
25           THE COURT:  I notice I've been given documents titled
```

1    to Consent to Administration of Guilty Plea and Allocution by

2    United States Magistrate Judge which appears to be signed by

3    each defendant and his or her counsel.

4          Is it your signature that appears on this consent

5    form, Mr. Dreyer?

6          **THE DEFENDANT DREYER:**  Yes, sir.

7          **THE COURT:**  Mr. Blackketter?

8          **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

9          **THE COURT:**  Mr. Johnson?

10         **THE DEFENDANT JOHNSON:**  Yes, sir.

11         **THE COURT:**  Ms. Payne?

12         **THE DEFENDANT PAYNE:**  Yes, sir.

13         **THE COURT:**  I find that each of you have knowingly

14   and voluntarily waived your right to enter a guilty plea

15   before a district judge and you've consented to proceed before

16   me today in that plea and I've signed an order to that effect

17   in each of your cases.

18         Let me give you some general instructions:

19         You may, if you choose, plead not guilty to the

20   offense that's charged against you or insist in that plea if

21   it already been made and the Constitution of the United States

22   guarantees to you the following rights:

23         You have the right to a speedy and public jury trial

24   in this district.

25         You have the right at such a trial for you to

1    confront; that is, to see, hear, and cross-examine all

2    witnesses against you.

3            You have the right to use the power and the process

4    of the Court to compel the production of any evidence,

5    including the attendance of any witnesses on your behalf.

6            You have the right to have the assistance of an

7    attorney at all stages of the proceedings and if you could not

8    afford an attorney for trial the Court would appoint an

9    attorney for you.

10           At such a trial you cannot be compelled to testify

11   and whether you would testify would be a matter in which your

12   judgment alone would control.

13           At such a trial the United States would be required

14   to prove your guilt beyond a reasonable doubt and if you were

15   found guilty you would have the right to appeal your

16   conviction.

17           Do each of you understand that you have and are

18   guaranteed each of those constitutional rights?  Mr. Dreyer?

19           **THE DEFENDANT DREYER:**  Yes, sir.

20           **THE COURT:**  Mr. Blackketter?

21           **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

22           **THE COURT:**  Mr. Johnson?

23           **THE DEFENDANT JOHNSON:**  Yes, sir.

24           **THE COURT:**  Ms. Payne?

25           **THE DEFENDANT PAYNE:**  Yes, sir.

1      **THE COURT:**  On the other hand, if you plead guilty

2  and if that guilty plea is accepted by the Court there will

3  not be a further trial of any kind so that by pleading guilty

4  you waive your right to a trial as well as the rights

5  associated with a trial as I've just explained them.

6          Do each of you understand?  Mr. Dreyer?

7  **THE DEFENDANT DREYER:**  Yes, sir.

8  **THE COURT:**  Mr. Blackketter?

9  **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

10  **THE COURT:**  Mr. Johnson?

11  **THE DEFENDANT JOHNSON:**  Yes, sir, Your Honor.

12  **THE COURT:**  Ms. Payne?

13  **THE DEFENDANT PAYNE:**  Yes, sir.

14      **THE COURT:**  Generally, a defendant who accused of a

15  crime cannot plead guilty unless he or she is actually guilty

16  of that crime.  In federal court the judge determines the

17  penalty when a defendant is convicted whether that conviction

18  is on the basis of a jury verdict or upon a plea of guilty.

19          The Court has not and will not talk to anyone about

20  the facts of your case except here in your presence where you

21  and your attorney and representatives of the Government are

22  all present.  However, if a guilty verdict is entered a

23  Presentence Report will be prepared and the Court will review

24  that report with probation officers outside of your presence.

25          If you plead guilty you will be convicted.  However,

1    you and your attorney each will be given an opportunity to

2    present to the Court any pleas for leniency.  The penalty will

3    be decided based upon the facts heard in court.  You should

4    never depend or rely upon any promise or statement by anyone,

5    whether connected with law enforcement or the Government or

6    anyone else, as to what penalty will be assessed against you.

7            Should you decide to plead guilty your plea of guilty

8    must not be induced or prompted by any promises, pressure,

9    threats, force, or coercion of any kind.  A plea of guilty

10   must be purely voluntary and you should plead guilty only

11   because you are guilty and for no other reason.

12           Do each of you understand each of my explanations

13   about the process and the consequences of pleading guilty?

14   Mr. Dreyer?

15           **THE DEFENDANT DREYER:**  Yes, sir.

16           **THE COURT:**  Mr. Blackketter?

17           **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

18           **THE COURT:**  Mr. Johnson?

19           **THE DEFENDANT JOHNSON:**  Yes, sir.

20           **THE COURT:**  Ms. Payne?

21           **THE DEFENDANT PAYNE:**  Yes, sir.

22           **THE COURT:**  Under the Sentencing Reform Act of 1984,

23   as it's been construed by our Supreme Court, the United States

24   Sentencing Commission has issued advisory guidelines for

25   judges to consider in determining the sentence in a criminal

1    case.

2          Have each of you discussed with your attorney the

3    charges against you, the matter of sentencing, and how those

4    sentencing guidelines might apply in your case?  Have you done

5    so, Mr. Dreyer?

6          **THE DEFENDANT DREYER:**  Yes, sir.

7          **THE COURT:**  Mr. Blackketter?

8          **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

9          **THE COURT:**  Mr. Johnson?

10         **THE DEFENDANT JOHNSON:**  Yes, sir.

11         **THE COURT:**  Ms. Payne?

12         **THE DEFENDANT PAYNE:**  Yes, sir.

13         **THE COURT:**  Even so, I must inform you that in

14   determining a sentence it is the Court's obligation to

15   calculate the applicable Guideline range and to consider that

16   range along with any possible departures under the Guidelines

17   and other sentencing factors under 18 U.S.C. Section 3553(a).

18         The Court is not bound by facts that are stipulated

19   between you and the attorney on the one hand and the

20   Government on the other.  The Court can impose punishment that

21   might disregard stipulated facts or take into account facts

22   that are not mentioned in stipulations and in that event you

23   might not even be permitted to withdraw your plea of guilty.

24         The Court will not be able to determine the Guideline

25   range appropriate for your case until after the Presentence

1    Report has been completed and the Court has reviewed it and

2    you have had an opportunity to make any comments on it or any

3    objections to it.

4           After the Court has determined the Guideline range

5    that's appropriate under the facts of your case the Court has

6    the authority to impose a sentence that is above, below, or

7    within the Guideline range as long as the sentence imposed is

8    reasonable and it's based upon the facts and the law.

9           You have the right to appeal the sentence the Court

10   imposes unless you waive that right and under some

11   circumstances the Government also has the right to appeal.

12          Finally, I inform you that within the federal system

13   parole has been abolished, so that if you are sentenced to

14   imprisonment you will not be released on parole.

15          Do each of you understand all of the explanations

16   I've begin with regard to sentencing?  Mr. Dreyer?

17          **THE DEFENDANT DREYER:**  Yes, sir.

18          **THE COURT:**  Mr. Blackketter?

19          **THE DEFENDANT BLACKKETTER:**  Yes, sir.

20          **THE COURT:**  Mr. Johnson?

21          **THE DEFENDANT JOHNSON:**  Yes, sir

22          **THE COURT:**  Ms. Payne?

23          **THE DEFENDANT PAYNE:**  Yes, sir.

24          **THE COURT:**  How old are you, Mr. Dreyer?

25          **THE DEFENDANT DREYER:**  35.

```
1              THE COURT:  Mr. Blackketter?

2              THE DEFENDANT BLACKKETTER:  34.

3              THE COURT:  Mr. Johnson?

4              THE DEFENDANT BLACKKETTER:  38.

5              THE COURT:  Ms. Payne?

6              THE DEFENDANT PAYNE:  29.

7              THE COURT:  And would you please state your date of

8    birth for record, Mr. Dreyer?

9              THE DEFENDANT DREYER:  July 15, 1980.

10             THE COURT:  Mr. Blackketter?

11             THE DEFENDANT BLACKKETTER:  April 17, 1982.

12             THE COURT:  Mr. Johnson?

13             THE DEFENDANT JOHNSON:  May 30, 1978.

14             THE COURT:  And Ms. Payne?

15             THE DEFENDANT PAYNE:  March 20th, 1987.

16             THE COURT:  How far did each of you go in school?

17   Mr. Dreyer?

18             THE DEFENDANT DRYER:  GED.

19             THE COURT:  Mr. Blackketter?

20             THE DEFENDANT BLACKKETTER:  GED.

21             THE COURT:  Mr. Johnson?

22             THE DEFENDANT JOHNSON:  GED with some college.

23             THE COURT:  Ms. Payne?

24             THE DEFENDANT PAYNE:  GED.

25             THE COURT:  Are you currently or within the last six
```

1    months have you been under the care of a physician or a

2    psychiatrist?  Mr. Dreyer?

3         **THE DEFENDANT DREYER:**  No, sir.

4         **THE COURT:**  Mr. Blackketter?

5         **THE DEFENDANT BLACKKETTER:**  No, Your Honor.

6         **THE COURT:**  Mr. Johnson?

7         **THE DEFENDANT JOHNSON:**  No, sir.

8         **THE COURT:**  Ms. Payne?

9         **THE DEFENDANT PAYNE:**  No, sir.

10        **THE COURT:**  Have you been recently hospitalized or

11   treated for narcotics addiction or alcoholism?  Mr. Dreyer?

12        **THE DEFENDANT DREYER:**  No, sir.

13        **THE COURT:**  Mr. Blackketter?

14        **THE DEFENDANT BLACKKETTER:**  No, Your Honor.

15        **THE COURT:**  Mr. Johnson?

16        **THE DEFENDANT JOHNSON:**  No, sir.

17        **THE COURT:**  Ms. Payne?

18        **THE DEFENDANT PAYNE:**  No, sir.

19        **THE COURT:**  Are you now under the influence of

20   alcohol or any narcotic drug?  Mr. Dreyer?

21        **THE DEFENDANT DREYER:**  No, sir.

22        **THE COURT:**  Mr. Blackketter?

23        **THE DEFENDANT BLACKKETTER:**  No, Your Honor.

24        **THE COURT:**  Mr. Johnson?

25        **THE DEFENDANT JOHNSON:**  No, sir.

1          THE COURT:  Ms. Payne?

2          THE DEFENDANT PAYNE:  No, sir.

3          THE COURT:  Do you suffer from any emotional or

4    mental disability, Mr. Dreyer?

5          THE DEFENDANT DREYER:  No, sir.

6          THE COURT:  Mr. Blackketter?

7          THE DEFENDANT BLACKKETTER:  No, Your Honor.

8          THE COURT:  Mr. Johnson?

9          THE DEFENDANT JOHNSON:  No, sir.

10          THE COURT:  Ms. Payne?

11          THE DEFENDANT PAYNE:  No, sir.

12          THE COURT:  Are you of sound mind and do you fully

13    understand what it is we're doing here today?  Mr. Dreyer?

14          THE DEFENDANT DREYER:  Yes, sir.

15          THE COURT:  Mr. Blackketter?

16          THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

17          THE COURT:  Mr. Johnson?

18          THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

19          THE COURT:  And Ms. Payne?

20          THE DEFENDANT PAYNE:  Yes, sir.

21          THE COURT:  Now, let me ask counsel:  Do you have any

22    reason to believe that your client is not fully competent to

23    enter a plea of guilty?  Mr. Danielson?

24          MR. DANIELSON:  I do not.

25          THE COURT:  Mr. Huston?

1      MR. HUSTON:  I do not.

2      THE COURT:  Ms. LaChance?

3      MS. LA CHANCE:  No, Your Honor.

4      THE COURT:  Mr. Lewis?

5      MR. LEWIS:  No, Your Honor.

6      THE COURT:  Do each of you believe that the guilty

7  plea your client proposes to make will be a voluntary and

8  client plea?  Mr. Danielson?

9      MR. DANIELSON:  I do.

10      THE COURT:  Mr. Huston?

11      MR. HUSTON:  Yes.

12      THE COURT:  Ms. LaChance?

13      MS. LA CHANCE:  Yes.

14      THE COURT:  And Mr. Lewis.

15      MR. LEWIS:  Yes.

16      THE COURT:  Now to the defendants.  Each of you are

17  pleading to an information this morning, so I in need to ask

18  you a few questions about the indictment process.

19      First, do you understand that you are charged with

20  commission of a felony Mr. Dreyer?

21      THE DEFENDANT DREYER:  Yes, sir.

22      THE COURT:  Mr. Blackketter?

23      THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

24      THE COURT:  Mr. Johnson?

25      THE DEFENDANT JOHNSON:  Yes, sir.

1     **THE COURT:**  Ms. Payne?

2     **THE DEFENDANT PAYNE:**  Yes, sir.

3     **THE COURT:**  Under our United States Constitution you

4  may not be charged with a felony offense unless a grand jury

5  finds by the return of an indictment that there's probable

6  cause to believe that a felony offense occurred and that you

7  committed that offense.

8          However, you may waive your right to indictment by

9  the grand jury and consent to being charged by an information

10  filed by the United States Attorneys Office.

11         The felony charges against each of you has been

12  brought by the filing of just such an Information by the U.S.

13  Attorney.  If you do not waive indictment and the Government

14  wishes to pursue this charge against you, then it must present

15  its case to the grand jury and request the grand jury to

16  return an indictment.

17         A grand jury is composed of at least 16 but not more

18  than 23 persons and at least 12 of those grand jurors must

19  find that there's probable cause to believe that you committed

20  the offense with which you are charged before you would be

21  indicted, so the grand jury might or it might not indict you

22  on this charge.  But if you waive your right to indictment by

23  the grand jury the case will proceed against you based on the

24  information filed by the U.S. Attorney just as though you have

25  been indicted.

1          So let me ask you:  Have you discussed with your

2    attorney the right to indictment by the grand jury and do you

3    fully understand that right Mr. Dreyer?

4               **THE DEFENDANT DREYER:**  Yes, sir.

5               **THE COURT:**  Mr. Blackketter?

6               **THE DEFENDANT BLACKKETTER:**  Yes, sir.

7               **THE COURT:**  Mr. Johnson?

8               **THE DEFENDANT JOHNSON:**  Yes, sir.

9               **THE COURT:**  Ms. Payne?

10              **THE DEFENDANT PAYNE:**  Yes, sir.

11              **THE COURT:**  Have any threats or promises been made to

12   induce you to waive indictment, Mr. Dreyer?

13              **THE DEFENDANT DREYER:**  No, sir

14              **THE COURT:**  Mr. Blackketter?

15              **THE DEFENDANT BLACKKETTER:**  No, sir.

16              **THE COURT:**  Mr. Johnson?

17              **THE DEFENDANT JOHNSON:**  No, sir.

18              **THE COURT:**  Ms. Payne?

19              **THE DEFENDANT PAYNE:**  No, sir.

20              **THE COURT:**  Do you wish to waive your indictment by a

21   grand jury, Mr. Dreyer?

22              **THE DEFENDANT DREYER:**  Yes, sir.

23              **THE COURT:**  Mr. Blackketter?

24              **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

25              **THE COURT:**  Mr. Johnson?

1      THE DEFENDANT JOHNSON:  Yes, sir.

2      THE COURT:  Ms. Payne?

3      THE DEFENDANT PAYNE:  Yes, sir.

4      THE COURT:  And I note that there are documents on

5  file in each of your cases entitled Waiver of Indictment which

6  appear to be signed by you and your attorney.

7      Is it your signature that appears on your waiver on

8  file, Mr. Dreyer?

9      THE DEFENDANT DREYER:  Yes, sir, it is.

10     THE COURT:  Mr. Blackketter?

11     THE DEFENDANT BLACKKETTER:  Yes, it is, Your Honor.

12     THE COURT:  Mr. Johnson?

13     THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

14     THE COURT:  Ms. Payne?

15     THE DEFENDANT PAYNE:  Yes, sir.

16     THE COURT:  And to Defense counsel, do you see any

17  reason why your client should not waive indictment.

18  Mr. Danielson?

19     MR. DANIELSON:  I do not.

20     THE COURT:  Mr. Huston?

21     MR. HUSTON:  I do not.

22     THE COURT:  Ms. LaChance?

23     MS. LA CHANCE:  No, Your Honor.

24     THE COURT:  And Mr. Lewis?

25     MR. LEWIS:  No, Your Honor.

1          THE COURT:  Is such waiver consistent with your

2    advice Mr. Danielson?

3          MR. DANIELSON:  Yes, Your Honor.

4          THE COURT:  Mr. Huston?

5          MR. HUSTON:  Yes, Your Honor.

6          THE COURT:  Ms. LaChance?

7          MS. LA CHANCE:  Yes, Your Honor

8          THE COURT:  And Mr. Lewis?

9          MR. LEWIS:  Yes.

10         THE COURT:  Very well.  The Waivers of Indictment are

11   accepted here in open court.

12         Has each of the defendants received a copy of the

13   Information in your case.  Mr. Dreyer?

14         THE DEFENDANT DREYER:  Yes, sir.

15         THE COURT:  Mr. Blackketter?

16         THE DEFENDANT BLACKKETTER:  Yes, sir.

17         THE COURT:  Mr. Johnson?

18         THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

19         THE COURT:  Ms. Payne?

20         THE DEFENDANT PAYNE:  Yes, Your Honor.

21         THE COURT:  And have you read the Information or had

22   it read to you or do you fully understand -- and do you fully

23   understand the nature of the charges against you?  Mr. Dreyer?

24         THE DEFENDANT DREYER:  Yes, sir.

25         THE COURT:  Mr. Blackketter?

1          THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

2          THE COURT:  Mr. Johnson?

3          THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

4          THE COURT:  Ms. Payne?

5          THE DEFENDANT PAYNE:  Yes, Your Honor.

6          THE COURT:  It would be appropriate for the United

7    States Attorney to now read those charges here in open court.

8    However, because you understand the charges I will allow you

9    to waive that reading.

10         Do you wish to waive that reading Mr. Dreyer?

11         THE DEFENDANT DREYER:  Yes, sir.

12         THE COURT:  Mr. Blackketter?

13         THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

14         THE COURT:  Mr. Johnson?

15         THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

16         THE COURT:  Ms. Payne?

17         THE DEFENDANT PAYNE:  Yes, sir.

18         THE COURT:  You also have the right to have explained

19   to you the essential elements of the offense.  That's what the

20   Government would be required to prove at your trial.  I will

21   now call upon the United States Attorney in each case to set

22   forth the essential elements and I ask you to listen

23   carefully.  Let's begin with Mr. Dreyer.

24         MR. GATTO:  As to Mr. Dreyer, the first element is

25   that the defendant knowingly possessed a controlled substance.

1          Second, the substance was, in fact, methamphetamine.

2          Third, the defendant possessed the substance with the

3     intent to distribute it.

4          And, fourth, the quantity of the substance was at

5     least 50 grams.

6          **THE COURT:**  Mr. Dreyer, do you admit that you

7     committed all of the essential elements of that offense?

8          **THE DEFENDANT DREYER:**  Yes, sir.

9          **MR. SMITH:**  For the defendants Blackketter, Johnson,

10    and Payne.

11         First, that two or more persons directly or

12    indirectly reached an agreement to distribute or possess with

13    intent to distribute a controlled substance as charged in the

14    Information.

15         Second, the defendant knew of the unlawful purpose of

16    the agreement.

17         Third, the defendant joined the agreement willfully;

18    that is, with the intent to further the unlawful purpose.

19         And, fourth that the overall scope of the conspiracy

20    involved a mixture or substance containing a detectable amount

21    of methamphetamine, a schedule II controlled substance.

22         **THE COURT:**  Do each of you admit that you committed

23    each of the essential elements of the offense charged against

24    you?  Mr. Blackketter?

25         **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

```
 1              THE COURT:  Mr. Johnson?

 2              THE DEFENDANT JOHNSON:  Yes, sir, Your Honor.

 3              THE COURT:  Ms. Payne?

 4              THE DEFENDANT PAYNE:  Yes, sir.

 5              THE COURT:  Each of you are appearing here with

 6    counsel.  You've indicated to me that you have discussed with

 7    your attorney the charges against you, the matter of

 8    sentencing, and how those Sentencing Guidelines might apply in

 9    your case.

10              Are each of you fully satisfied with the

11    representation and advice that you have received from your

12    attorney in your case?  Mr. Dreyer?

13              THE DEFENDANT DREYER:  Yes, sir.

14              THE COURT:  Mr. Blackketter?

15              THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

16              THE COURT:  Mr. Johnson?

17              THE DEFENDANT JOHNSON:  Yes, sir.

18              THE COURT:  Ms. Payne?

19              THE DEFENDANT PAYNE:  Yes, Your Honor.

20              THE COURT:  There are no plea agreements before the

21    Court, so let me ask each defendant:  Has anyone made any

22    promise or assurance to you of any kind in an effort to induce

23    you to enter a plea of guilty in your case?  Mr. Dreyer?

24              THE DEFENDANT DREYER:  No, sir.

25              THE COURT:  Mr. Blackketter?
```

1            THE DEFENDANT BLACKKETTER:  No, sir.

2            THE COURT:  Mr. Johnson?

3            THE DEFENDANT JOHNSON:  No, sir.

4            THE COURT:  Ms. Payne?

5            THE DEFENDANT PAYNE:  No, sir.

6            THE COURT:  Has anyone mentally, physically, or in

7    any other way attempted to force you to plead guilty in your

8    case Mr. Dreyer?

9            THE DEFENDANT DREYER:  No, sir.

10            THE COURT:  Mr. Blackketter?

11            THE DEFENDANT BLACKKETTER:  No, Your Honor.

12            THE COURT:  Mr. Johnson?

13            THE DEFENDANT JOHNSON:  No, sir.

14            THE COURT:  Ms. Payne?

15            THE DEFENDANT PAYNE:  No, sir.

16            THE COURT:  Do each of you understand that if your

17    guilty plea is accepted you will be adjudged guilty of the

18    offense charged in the Information and that your punishment

19    will be assessed somewhere within the range of punishment that

20    is provided by statute?

21            Do you understand Mr. Dreyer?

22            THE DEFENDANT DREYER:  Yes, sir.

23            THE COURT:  Mr. Blackketter?

24            THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

25            THE COURT:  Mr. Johnson.

```
 1              THE DEFENDANT JOHNSON:  Yes, sir.

 2              THE COURT:  Ms. Payne?

 3              THE DEFENDANT PAYNE:  Yes, sir.

 4              THE COURT:  Are you a citizen of the United States?

 5    Mr. Dreyer?

 6              THE DEFENDANT DREYER:  Yes, sir.

 7              THE COURT:  Mr. Blackketter?

 8              THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

 9              THE COURT:  Mr. Johnson?

10              THE DEFENDANT JOHNSON:  Yes, sir.

11              THE COURT:  And Ms. Payne?

12              THE DEFENDANT PAYNE:  Yes, sir.

13              THE COURT:  And I need to inform you that as citizens

14    the offense to which you are pleading guilty is a felony and

15    conviction of a felony may drive you of valuable rights of

16    citizenship such as the right to vote, to hold public office,

17    to ever serve on a jury, to ever possess any kind of firearm

18    and other valuable rights.

19              Do you understand that consequence, Mr. Dreyer?

20              THE DEFENDANT DREYER:  Yes, sir.

21              THE COURT:  Mr. Blackketter?

22              THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

23              THE COURT:  Mr. Johnson?

24              THE DEFENDANT JOHNSON:  Yes, sir.

25              THE COURT:  Ms. Payne?
```

1    **THE DEFENDANT PAYNE:**  Yes, sir.

2    **THE COURT:**  I will now call upon the United States

3  Attorney in each case to state the potential penalties for and

4  consequences of conviction for the charge to which each

5  defendant proposes to plea.

6    Let's begin again with Mr. Dreyer.

7    **MR. GATTO:**  For Mr. Dreyer, imprisonment for a period

8  of not less than 5 years and not to exceed 4 years.

9    A fine not to exceed 5 million dollars and both a

10  fine and imprisonment.

11    Supervised release term of at least 4 years and a

12  maximum term of life which is mandatory under law and will

13  follow any imprisonment term.  If the defendant violates any

14  of the supervised release conditions he can be imprisoned for

15  the entire supervised release term resulting in more prison

16  time.

17    A $100 mandatory special assessment, incarceration,

18  and supervision costs.

19    **THE COURT:**  Mr. Dreyer, do you admit or do you

20  understand that if you plead guilty you may be subject to the

21  penalties and consequences just explained to you?

22    **THE DEFENDANT DREYER:**  Yes, sir.

23    **THE COURT:**  Thank you.  Mr. Smith.

24    **MR. SMITH:**  For defendants Blackketter, Johnson, and

25  Payne:

1          A $1 million dollar fine.

2          Not more than 20 years imprisonment.

3          Plus a term of supervised release of not less than 3

4    years.  If the defendant violates any condition of supervised

5    release the Court may revoke such term and require the

6    defendant to serve an additional until period of confinement.

7          And a special assessment of $100.

8          THE COURT:  Do each of you understand that if you

9    plead guilty you may be subject to the penalties and

10   consequences just explained?  Mr. Blackketter?

11         THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

12         THE COURT:  Mr. Johnson?

13         THE DEFENDANT JOHNSON:  Yes, sir.

14         THE COURT:  And Ms. Payne?

15         THE DEFENDANT PAYNE:  Yes, sir.

16         THE COURT:  Do each of you further understand that if

17   the sentence you receive is more severe than you expect you

18   would still be bound by your plea of guilty and you would have

19   no right to withdraw?

20         Do you understand, Mr. Dreyer?

21         THE DEFENDANT DREYER:  Yes, sir.

22         THE COURT:  Mr. Blackketter?

23         THE DEFENDANT BLACKKETTER:  Yes, sir.

24         THE COURT:  Mr. Johnson?

25         THE DEFENDANT JOHNSON:  Yes, sir.

```
 1              THE COURT:  And Ms. Payne?

 2              THE DEFENDANT PAYNE:  Yes, sir.

 3              THE COURT:  Do any of you have any questions about

 4    anything we've covered up to this point?  Mr. Dreyer?

 5              THE DEFENDANT DREYER:  No, sir.

 6              THE COURT:  Mr. Blackketter?

 7              THE DEFENDANT BLACKKETTER:  No, sir.

 8              THE COURT:  Mr. Johnson?

 9              THE DEFENDANT JOHNSON:  No, sir.

10              THE COURT:  Ms. Payne?

11              THE DEFENDANT PAYNE:  No, sir.

12              THE COURT:  Having heard all of the foregoing, I now

13    ask how do you plead to the one count information against you.

14    Guilty or not guilty?  Mr. Dreyer?

15              THE DEFENDANT DREYER:  Guilty.

16              THE COURT:  Mr. Blackketter?

17              THE DEFENDANT BLACKKETTER:  Guilty.

18              THE COURT:  Mr. Johnson?

19              THE DEFENDANT JOHNSON:  Guilty.

20              THE COURT:  Ms. Payne.

21              THE DEFENDANT PAYNE:  Guilty.

22              THE COURT:  To Defense counsel:  Is the guilty plea

23    of your client consistent with your advice.  Mr. Danielson?

24              MR. DANIELSON:  Yes, it is.

25              THE COURT:  Mr. Huston?
```

1          **MR. HUSTON:**  Yes, it is, Your Honor.

2          **THE COURT:**  Ms. LaChance?

3          **MS. LA CHANCE:**  Yes, Your Honor.

4          **THE COURT:**  And Mr. Lewis?

5          **MR. LEWIS:**  Yes, Your Honor

6          **THE COURT:**  I will accept each of the pleas of guilty

7  on the basis there is a factual basis to such support such

8  please and I note that the documents entitled Factual Resume

9  have been filed in each case before the Court and these

10  Factual Resumes appear to be signed by each defendant and his

11  or her counsel.

12          Is it your signature that appears on your Factual

13  Resume, Mr. Dreyer?

14          **THE DEFENDANT DREYER:**  Yes, sir.

15          **THE COURT:**  Mr. Blackketter?

16          **THE DEFENDANT BLACKKETTER:**  Yes, Your Honor.

17          **THE COURT:**  Mr. Johnson?

18          **THE DEFENDANT JOHNSON:**  Yes, sir.

19          **THE COURT:**  Ms. Payne?

20          **THE DEFENDANT PAYNE:**  Yes, sir.

21          **THE COURT:**  And did you read or have read to you your

22  Factual Resume and do you fully understand this document,

23  Mr. Dreyer?

24          **THE DEFENDANT DREYER:**  Yes, I do.

25          **THE COURT:**  Mr. Blackketter?

1            THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

2            THE COURT:  Mr. Johnson?

3            THE DEFENDANT JOHNSON:  Yes, sir.

4            THE COURT:  Ms. Payne?

5            THE DEFENDANT PAYNE:  Yes, sir.

6            THE COURT:  There are stipulated facts in the factual

7     resume and let me ask you:

8            Are those facts that are stated therein true and

9     correct?  Mr. Dreyer?

10           THE DEFENDANT DREYER:  Yes, sir.

11           THE COURT:  Mr. Blackketter?

12           THE DEFENDANT BLACKKETTER:  Yes, Your Honor.

13           THE COURT:  Mr. Johnson?

14           THE DEFENDANT JOHNSON:  Yes, sir.

15           THE COURT:  Ms. Payne?

16           THE DEFENDANT PAYNE:  Yes, sir.

17           THE COURT:  To Defense counsel:

18           Are those facts stated in your client's Factual

19     Resume consistent with the true facts as you understand them.

20     Mr. Danielson.

21           MR. DANIELSON:  Yes, Your Honor.

22           THE COURT:  Mr. Huston?

23           MR. HUDSON:  Yes, Your Honor.

24           THE COURT:  Ms. LaChance?

25           MS. LA CHANCE:  Yes, sir, Your Honor.

1          **THE COURT:**  Mr. Lewis?

2          **MR. LEWIS:**  Yes, Your Honor.

3          **THE COURT:**  It would be appropriate for the United

4  States Attorney to now read those facts here in open court.

5  However, based on your answers you've just given me I think

6  it's clear that you understand those facts and that you've

7  told me they are true and correct.  I will allow you to waive

8  the reading of those facts.

9          Do you wish to waive that reading, Mr. Dreyer?

10          **THE DEFENDANT DREYER:**  Yes, sir.

11          **THE COURT:**  Mr. Blackketter?

12          **THE DEFENDANT BLACKKETTER:**  Yes, sir.

13          **THE COURT:**  Mr. Johnson?

14          **THE DEFENDANT JOHNSON:**  Yes, sir.

15          **THE COURT:**  And Ms. Payne?

16          **THE DEFENDANT PAYNE:**  Yes, sir.

17          **THE COURT:**  Very well.  Then the Court will accept

18  the Factual Resumes that have been on file.

19          The Court, being satisfied with the responses given

20  during this hearing, finds that each defendant is fully

21  competent and capable of entering an informed plea and that

22  his or her guilty plea to the one count Information is a

23  knowing and voluntary plea supported by an independent basis

24  in fact containing each of the essential elements of the

25  offense charged in the one count Information.

1          I hereby accept each of your pleas of guilty and I

2    pronounce you guilty of the offense to which you have pled.

3          As I indicated earlier in the proceeding, a

4    Presentence Report will be prepared to assist the Court in

5    sentencing.  You will be asked to give information for that

6    report and your degree of cooperation could be a factor in the

7    severity of the sentence you receive.  Your attorney is

8    ordered be to present at your interview having a recent

9    familiarity with the Sentencing Guidelines Section 3E1.1

10   Application Note 1A.

11         You and your counsel will be provided a copy of the

12   Presentence Investigation Report well in advance of the date

13   of sentencing and you will have an opportunity to make any

14   comments on it or any objections to it.

15         Because I have conducted this hearing rather than the

16   district judge based upon your consent and the referral of the

17   matter to me, I'm making a written report to the district

18   judge telling him what you have said and done here today and

19   what I have found.

20         I also tell you that if you or your attorney have any

21   objections to anything that I've said or done or to this

22   report itself, those objections must be filed within 14 days

23   of the date of this hearing.

24         My clerk will deliver the Presentence Referral Form

25   to the Probation Office.  A copy of that form has been

1    provided to each Defense counsel and I remind counsel it is

2    your responsibility to contact the Probation Office as soon as

3    practicable for further instruction regarding the Presentence

4    Investigation Report.

5           Each of these cases is scheduled to be sentenced on

6    October 3, 2016, at nine o'clock a.m. before the Honorable

7    Judge Reed O'Connor in this courtroom.

8           Are there any other matters to consider in connection

9    with the defendants before the Court from the Government?

10          **MR. SMITH:**  no, Your Honor.

11          **THE COURT:**  Do you have any --

12          **MR. DANIELSON:**  Do you have any control over the

13   sentencing date or do I address that with Judge O'Connor?

14          **THE COURT:**  You need to file a motion to continue

15   with Judge O'Connor.  That was scheduled by his office.

16          **MR. DANIELSON:**  All right.

17          **THE COURT:**  Anything else from the Defense?

18          **MR. DANIELSON:**  No, Your Honor.

19          **THE COURT:**  All right.  The defendants are remanded

20   to the custody of the United States Marshal pending further

21   proceedings and the attorneys are excused.

22

23

24

25

1    I, **DENVER B. RODEN**, United States Court Reporter for the

2   United States District Court in and for the Northern District

3   of Texas, Fort Worth Division, hereby certify that the above

4   and foregoing contains a true and correct transcription of the

5   proceedings in the above entitled and numbered cause.

6    **WITNESS MY HAND** on this 27th day of November, 2016.

7

8

9                        /s/ Denver B. Roden

10                       **DENVER B. RODEN, RMR**
                         *United States Court Reporter*
11                       1050 Lake Carolyn Parkway #2338
                         Irving, Texas  75039
12                       *drodenrmr@sbcglobal.net*
                         **Phone:** (214) 753-2298
13

14

15

16

17

18

19

20

21

22

23

24

25